Walker *v.* Sparta Realty & Improvement Co. *et al.*

Gilbert, J. The grounds of the motion for a new trial assigning error on excerpts from the charge of the court show no cause for the grant of a new trial. The verdict is supported by evidence.

*Judgment affirmed. All the Justices concur.*

No. 2679. February 15, 1922.

Complaint for land.   Before Judge Park.   Hancock superior court.   May 21, 1921.

Suit in the statutory form was brought by Walker, for the recovery of certain land with mesne profits.   The trial resulted in a verdict for the defendants.   A motion for new trial, as amended, filed by the plaintiff, was overruled, and upon that judgment error is assigned.   The amendment to the motion for a new trial complains that the court erred in charging the jury:   (1)   "It is not necessary for the plaintiff or for the defendants to trace their chain of title beyond Mr. John D. Walker, because the plaintiff in this case and the defendants in the case admit that he was the common grantor; that is, that Mr. John D. Walker at one time owned the tract of land now in controversy, in connection with other adjoining lands, and that he conveyed the land in connection with other lands to the Sparta Realty & Improvement Company; and therefore it is not necessary to trace the title back under the laws of the State of Georgia beyond Mr. John D. Walker." (2)   " I charge you that where a plaintiff brings an action in the superior court of this county or any other county in the State of Georgia, to recover land in the possession of the defendants, the law requires the plaintiff to recover the land, if he is entitled to recover it at all, upon the strength of his own title, and not on account of the weakness of the defendant's title."   It is insisted that it was error to charge the jury as quoted in the first excerpt because " under it they were in effect told that before the plaintiff could recover, the burden would be on him to show title into John D. Walker;" and that it was error to charge as quoted in the second excerpt, because " while this states a familiar principle of law, under the facts it was not applicable, and was confusing to the jury."

R. L. Merritt and Hall, Grice & Bloch, for plaintiff.
Horace M. Holden and Burwell & Fleming, for defendants.